**Jason C. Hegt**
Direct Dial: +1.212.906.1686
jason.hegt@lw.com

1271 Avenue of the Americas
New York, New York 10020-1401
Tel: +1.212.906.1200 Fax: +1.212.751.4864
www.lw.com

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Austin | Milan |
| Beijing | Munich |
| Boston | New York |
| Brussels | Orange County |
| Chicago | Paris |
| Dubai | Riyadh |
| Düsseldorf | San Diego |
| Frankfurt | San Francisco |
| Hamburg | Seoul |
| Hong Kong | Silicon Valley |
| Houston | Singapore |
| London | Tel Aviv |
| Los Angeles | Tokyo |
| Madrid | Washington, D.C. |

# LATHAM&WATKINS LLP

June 8, 2026

**VIA CM/ECF**

The Honorable Mary Kay Vyskocil
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, NY 10007

> Re: *Shumeiko v. Deutsche Bank Trust Company Americas*, No. 1:26-cv-03516-MKV,
> Pre-Motion Letter re: Proposed Motion to Dismiss

Dear Judge Vyskocil:

This firm represents defendant Deutsche Bank Trust Company Americas ("DBTCA") in connection with the above-referenced matter. We write pursuant to Rule 4(A)(i) of Your Honor's Individual Rules of Practice in Civil Cases to request a pre-motion conference in advance of DBTCA's anticipated motion to dismiss.

## I.   PROCEDURAL HISTORY

As an initial matter, we note that Plaintiff, proceeding *pro se*, has filed two substantially identical complaints against DBTCA arising from the same set of facts. The first complaint was filed in this action on April 27, 2026. Dkt. 1. Four days later, on May 1, 2026, Plaintiff filed what appears to be a revised version of the same complaint in a separate action, which was assigned to Judge Swain (No. 1:26-cv-03654-LTS). The Complaint in the instant action has been served on DBTCA, with a response due on June 9, 2026.[1] The later-filed complaint (Dkt. 1, No. 1:26-cv-03654) is presumably what Plaintiff intends to be the operative complaint, but it has not been served on DBTCA. DBTCA has filed a notice of related case in that action seeking referral to Your Honor to determine the question of relatedness. Dkt. 7, No. 1:26-cv-03654. Plaintiff has been ordered to pay the filing fee or submit an IFP application by June 11, 2026, otherwise the case will be dismissed. Dkt. 4, No. 1:26-cv-03654.

Given the existence of two overlapping complaints, DBTCA respectfully submits that Plaintiff should clarify which complaint he intends to be operative before DBTCA is required to respond. But regardless of which complaint is operative, DBTCA anticipates moving to dismiss.

---

[1] Per Your Honor's Individual Rules, this pre-motion letter stays DBTCA's time to answer or otherwise move with respect to the Complaint.

LATHAM&WATKINS LLP

## II.     ANTICIPATED GROUNDS FOR DISMISSAL

This case involves American Depository Receipts ("ADRs") for ordinary shares of Yukos Oil Company, which was expropriated and liquidated by the Russian Federation in 2007. DBTCA served as the depository bank holding the ordinary shares underlying the ADRs. Compl. at 3. On December 18, 2007, DBTCA issued a notice that the ordinary shares underlying the ADRs no longer existed and that, as a result, the "ADRs representing these ordinary shares are deemed to be worthless and will be cancelled" and "the Deposit Agreement related thereto [was] terminated effective immediately." Dkt. 1-2 at 71. Litigation ensued in several jurisdictions and an entity known as ILVEYS INC. received compensation through a private settlement fund, but now Plaintiff contends that those funds were not fairly allocated. Compl. at 5-6. Although DBTCA had no involvement in any of the litigation or the settlement fund, Plaintiff now brings claims against DBTCA, which he alleges were assigned to him by ILVEYS INC. *Id.* at 3-4. There are differences between the two complaints Plaintiff has filed, but they are similar enough that DBTCA anticipates moving to dismiss the Complaint and can outline the bases for dismissal at a high-level.

*First*, as a threshold matter, the Complaint is barred by the applicable statutes of limitations. The alleged wrongful acts on which Plaintiff's claims are based were known or reasonably discoverable to Plaintiff years ago and largely took place 10-20 years ago. *See, e.g.*, *Malmsteen v. Berdon, LLP*, 369 F. App'x 248, 249 (2d Cir. 2010) (statute of limitations for breach of fiduciary duty claim is, at most, six years); *Matana v. Merkin*, 957 F. Supp. 2d 473, 494 (S.D.N.Y. 2013) ("A three-year statute of limitations applies to claims sounding in negligence."); *Calltrol Corp. v. Loxysoft AB*, 2023 WL 2529844, at *4 (S.D.N.Y. Mar. 15, 2023) ("[T]he statute of limitations for a breach of contract claim is six years.").

*Second*, the purported assignment of litigation claims four days before Plaintiff's first suit was filed (Dkt. 1-1 at 5) is invalid under N.Y. Jud. Law § 489 and Plaintiff lacks standing to bring these claims. *See Justinian Capital SPC v. WestLB AG, N.Y. Branch*, 28 N.Y.3d 160, 170-71 (N.Y. 2016).

*Third*, the Complaint also fails to state a claim upon which relief could be granted. For example, Plaintiff (i) brings claims for breach of fiduciary duty where no such duty exists, (ii) alleges fraud claims without specifying the information required by Rule 9(b), (iii) alleges breach of contract claims without identifying conduct that breached the relevant agreement, and (iv) asks the Court to compel DBTCA to intervene in separate proceedings pending in the District of Columbia and for other relief that has no basis in law.

## III.    REQUESTED SCHEDULE

DBTCA's counsel has attempted to confer with Plaintiff regarding his multiple complaints and DBTCA's proposed pre-answer motion to dismiss, including by both email and telephone, but has not received a response. DBTCA is available for a pre-motion conference at Your Honor's convenience. In the alternative, should the Court prefer to set a schedule, DBTCA proposes the following schedule, which is the same one it previously proposed to Plaintiff:

LATHAM&WATKINS LLP

- On or before **June 12, 2026**:  Plaintiff files an amended complaint in the instant matter.
- On or before **June 30, 2026**:  DBTCA shall file its response to the operative complaint.
- On or before **July 28, 2026**:  Plaintiff shall file any opposition to DBTCA's motion to dismiss.
- On or before **August 18, 2026**:  DBTCA shall file its reply in support of its motion to dismiss.

We thank the Court for your attention to this matter.

Respectfully Submitted,

*/s/ Jason C. Hegt*
Jason C. Hegt
of LATHAM & WATKINS LLP

cc:  Deniel Shumeiko (via CM/ECF)