**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

DENIEL SHUMEIKO,
Plaintiff,
v.
DEUTSCHE BANK TRUST COMPANY AMERICAS,
Defendant.

**Case No. 1:26-cv-03516-MKV**

**PLAINTIFF'S PRE-MOTION RESPONSE LETTER IN OPPOSITION TO DEFENDANT'S REQUEST FOR A CONFERENCE**

June 9, 2026

**VIA CM/ECF**
The Honorable Mary Kay Vyskocil
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, NY 10007

Dear Judge Vyskocil:

Plaintiff Deniel Shumeiko, appearing *pro se*, respectfully submits this response to the Defendant's pre-motion letter dated June 8, 2026. The Defendant's letter is a transparent tactical maneuver designed to manufacture artificial procedural complexity, delay its mandatory responsive deadlines, and obscure a multi-decade pattern of active institutional fraud and systemic fiduciary abandonment.

**I. PROCEDURAL CLARIFICATION RE: TECHNICAL DUPLICATION**

As an initial matter, the Defendant's attempt to frame the procedural history as a case of "overlapping complaints" is disingenuous. The secondary entry (*Case No. 1:26-cv-03654-LTS*) was generated solely due to a technical clerical duplication by the Pro Se Intake Unit when processing compressed file sizes to comply with the Court's strict 15-megabyte system capacity limitations. Plaintiff has paid the filing fee and completed formal service of process **exclusively under the primary operative action: Case No. 1:26-cv-03516-MKV**. Plaintiff has already formally contacted the Pro Se Intake Unit to administratively close the duplicate docket without prejudice to these primary proceedings. The active Complaint before Your Honor is the sole operative pleading.

**II. THE OPERATIVE COMPLAINT PLAINLY DEFEATS DEFENDANT'S PREMATURE DEFENSES**

Regardless of the Defendant's high-level summaries, the evidentiary record forecloses each of its anticipated standard defenses:

1. **The Action is Timely Under the Continuing Tort Doctrine and Fiduciary Mandates:** The Defendant's statute of limitations defense is legally inapplicable to the operative Complaint. As explicitly set forth in Paragraphs 5 and 10 of the Complaint, this action is anchored in an active, ongoing Fiduciary Abandonment and a Continuing Tort that extends directly into the current months of 2026. The record establishes that on March 16, 2026, GML launched an imminent, predatory distribution round (Complaint 10, Exhibit H), and on April 6, 2026, the Defendant's Senior Counsel issued a formal executive rejection, willfully refusing to execute its exclusive legal standing to safeguard the trust property (Complaint 5, Exhibit D).

Under New York law, a fiduciary's ongoing failure to protect trust assets while multi-billion dollar recovery windows are actively open constitutes a new, actionable breach of duty every single day. Furthermore, this cause of action strictly accrued and became ripe in October 2025 when the Supreme Court of the Netherlands rendered its final, unappealable validation of the underlying Hague Arbitral Awards, permanently cementing the judicial infrastructure required to calculate the valuation of the ADR trust assets.

2. **The Assignment is Fully Valid and Exempt from Corporate Champerty**: The Defendant's citation of N.Y. Jud. Law § 489 is facially erroneous and directly contradicted by the operative pleading. As explicitly set forth in Paragraph 3 of the Complaint and verified by the BVI Financial Services Commission registry records (Exhibit A), ILVEYS INC. is a closely held family investment vehicle that has continuously held these specific trust assets since 2004. Plaintiff is a registered shareholder of this family vehicle alongside his immediate family. The assignment of claims to Plaintiff was a valid corporate Distribution in Kind, backed by a Unanimous Shareholders' Resolution (Exhibit B), executed solely for the preservation and protection of long-standing family property.

Under long-standing New York law, a transfer of claims from a closely held family corporation directly to its individual shareholder and beneficiary is entirely exempt from the doctrine of champerty.

3. **The Complaint Alleges Full Pleading Adequacy and Fiduciary Duties:** The Defendant's "passive registrar" defense is directly refuted by the operative pleading and established transnational history on the record. As explicitly set forth in Paragraph 6 of the Complaint and judicially documented via the Svea Court of Appeal precedent in Case No. T 9128-14 (Exhibit F), individual ADR holders are stripped of independent jurisdictional standing to pursue direct enforcement assets abroad, as the foreign judiciary permanently vacated prior investor victories under the "Standing Trap." The record establishes that under the governing Deposit Agreement, the Defendant — Deutsche Bank Trust Company Americas — remains the sole "shareholder of record" holding an unassailable, non-delegable monopoly on the legal capacity to act.

Under New York law, where a fiduciary is structurally and judicially positioned as the exclusive repository of the sole legal key to protect trust property, its orchestrated passivity and total abandonment of a multi-billion dollar recovery pool constitutes an actionable, bad-faith breach of duty.

### III. PLAINTIFF'S REJECTION OF THE PROPOSED COMPROMISED SCHEDULE

Plaintiff categorically objects to the Defendant's proposed compromised schedule, which seeks to force Plaintiff to file an amended complaint in the blind by June 12, 2026, before the Defendant formally files its motion. Plaintiff stands fully prepared to oppose any formal Motion to Dismiss on the merits based on the existing operative Complaint.

Should the Court determine that a pre-motion conference is unnecessary, Plaintiff respectfully requests the Court to deny the Defendant's application and direct the Defendant to file its formal responsive pleading within a standard, non-extended timeline.

Respectfully submitted,

**/s/ Deniel Shumeiko**
*Deniel Shumeiko, Plaintiff Pro Se*